## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PANHANDLE PRODUCER'S AND ROYALTY OWNER'S ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number CIV-04-1128-C |
| OKLAHOMA TAX COMMISSION; and THOMAS E. KEMP, JR; JERRY B. JOHNSON; and CONNIE IRBY, in their official capacities, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Now before the Court is a motion to dismiss filed by Defendants.  Plaintiff Panhandle Producer's and Royalty Owner's Association (Panhandle) filed a response to which Defendants filed a reply.  Accordingly, the matter is ripe for adjudication.  The Court considered the submissions of the litigants and now **GRANTS** Defendants' motion to dismiss.

### BACKGROUND

Panhandle is a trade association whose membership is partly comprised of royalty owners in Texas, Oklahoma, and Kansas.  Panhandle filed suit in federal court alleging that 68 OKLA. STAT. §§ 2385.25–.28 (collectively, the royalty withholding statutes) are unconstitutional as they implement a disparate tax withholding scheme on non-Oklahoma resident royalty owners as compared to Oklahoma resident royalty owners.  Panhandle requests the Court to declare that Oklahoma's tax withholding program for royalty payments

denies Panhandle's affected members of certain rights under the United States Constitution.

Panhandle further requests the Court to enjoin Defendants from enforcing the royalty

withholding statutes.  Defendants assert that the Court lacks subject matter jurisdiction and

move the Court to dismiss Panhandle's action under FED. R. CIV. P. 12(b)(1).

### STANDARD OF REVIEW

"Whenever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action."  Rule 12(h)(3).  A Rule

12(b)(1) motion may take either of two forms:  a facial attack questioning the sufficiency of

the complaint, or a factual attack questioning the existence of subject matter jurisdiction

itself.  Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  If a facial attack is

made, the Court must presume the complaint's allegations are true.  Id.  Here, Defendants

make a factual attack on Panhandle's complaint; accordingly, the complaint's presumption

of truthfulness falls away.  Id.  The Court has wide discretion to consider documents outside

the complaint when resolving the jurisdictional question without converting the motion to

dismiss to a Rule 56 summary judgment motion.  Id.  Because the jurisdictional question and

the merits of Panhandle's action are not intertwined, that is, neither issue is dependant on the

same statute, the Court need not convert Defendants' Rule 12(b)(1) motion into either a Rule

(12)(b)(6) or a Rule 56 summary judgment motion.  Id.

<u>DISCUSSION</u>

The core of the litigants' dispute centers upon the Court's jurisdiction to hear Panhandle's claims touching upon Oklahoma's taxing policies and procedures.  Defendants proffer two arguments in support of their contention that the Court lacks subject matter jurisdiction:  that 28 U.S.C. § 1341, the Tax Injunction Act (TIA), strips the Court of jurisdiction, and, in the alternative, that Oklahoma's sovereign immunity under the Eleventh Amendment bars Panhandle's requested relief.  In response, Panhandle proffers three rebuttal arguments:  that the TIA is inapplicable to this action; that suit in federal court is proper under <u>Ex parte Young</u>[1]; and that public policy requires federal jurisdiction.  The Court finds that Defendants' TIA argument is both persuasive and dispositive; therefore, to address Defendants' sovereign immunity argument and Panhandle's correlated rebuttal arguments would be superfluous.

**I.      The TIA's Limitation on the Court's Subject Matter Jurisdiction.**

Defendants argue that the TIA strips the Court of jurisdiction to adjudicate Panhandle's claims because the granting of Panhandle's requested relief would interfere with Oklahoma's collection of withholding taxes on royalty payments.  Panhandle counters that the TIA is inapplicable as <u>Hibbs v. Winn</u>, 542 U.S. 88, 124 S.Ct. 2276 (2004), allows third-party constitutional challenges to state tax benefits in a federal forum.  Contrary to Panhandle's assertion, it is <u>Hibbs</u> that is inapplicable to this action.

---

[1]  <u>See</u> <u>Ex parte Young</u>, 209 U.S. 123, 158-59 (1908).

In <u>Hibbs</u>, the United States Supreme Court held that the TIA does not bar actions by third parties whose successful challenge would increase—not deplete—revenues in the state treasury.  124 S.Ct. at *2285-92; <u>Henderson v. Stalder</u>, __ F.3d __, 2005 WL 845913, *8 (5th Cir. April 13, 2005); <u>May Trucking Co. v. Oregon Dep't of Transp.</u>, 388 F.3d 1261, 1267 (9th Cir. 2004).  Here, Panhandle's action, if successful, would operate to reduce the flow of quarterly installment tax payments into Oklahoma's coffers; it would certainly not result in Oklahoma receiving more total funds useable for the public benefit.  <u>Hibbs</u>, 124 S.Ct. at *2281-83; <u>see</u> 68 OKLA. STAT. § 2385.27.  Panhandle's reliance on <u>Hibbs</u> is misplaced; as a result, the question of whether the TIA bars jurisdiction still remains.  After canvassing the applicable law, the Court answers the question in the affirmative.

Turning to the statute in dispute, the TIA provides that "[federal] district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.

> Congress has made it clear in no uncertain terms that a state has a special and fundamental interest in its tax collection system . . . .  As the Supreme Court explained in *Rosewell [v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981)], the Tax Injunction Act "was first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." . . . We do not doubt, therefore, that a state's interests in the integrity of its [] tax system lie at the core of the state's sovereignty.

<u>ANR Pipeline Co. v. Lafaver</u>, 150 F.3d 1178, 1193 (10th Cir. 1998) (citations omitted).

Here, the royalty withholding statutes are, without a doubt, a part of Oklahoma's administration of a state tax program.  Specifically, it is an attempt to collect taxes on

Oklahoma source income.    They involve a revenue-raising measure imposed by the

Oklahoma legislature and provide the conduit through which the collection and flow of a

quarterly tax revenue stream to the state government is sustained; the revenue collected is

allocated to specific funds and is ultimately spent providing benefits to Oklahoma

communities.    68 OKLA. STAT. §§ 2352, 2355(A), 2358(A), 2362, 2385.2, 2385.5,

2385.27(E); Baral v. United States, 528 U.S. 431, 436 (2000) (discussing how a withholding

is a method for collecting income taxes); In re Annis, 232 F.3d 749, 752 (10th Cir. 2000)

(discussing how taxes may be collected via a withholding program); Marcus v. Kansas, Dep't

of Revenue, 170 F.3d 1305, 1311 (10th Cir. 1999) (discussing the classic characteristics of

a tax).    Additionally, Oklahoma provides an adequate remedy in its state courts to challenge

its state tax programs and raise all federal constitutional concerns.[2]  Brooks v. Nance, 801

F.2d 1237, 1240-41 (10th Cir. 1986); Cities Serv. Gas Co. v. Oklahoma Tax Comm'n, 656

F.2d 584, 587-88 (10th Cir. 1981).    As all elements of the TIA are met, its broad

jurisdictional bar prohibits the Court from entertaining Panhandle's claims and issuing either

declaratory or injunctive relief, as to do so would unduly tread upon Oklahoma's core

sovereign interest in the collection of taxes.  ANR Pipeline Co., 150 F.3d at 1193, 1194.

---

[2]  68 OKLA. STAT. § 207 (giving Oklahoma taxpayers the right to a hearing before the
Oklahoma Tax Commission (OTC)); id. § 221 (giving Oklahoma taxpayers the right to file a written
protest with the OTC and, if desired, request a hearing on the disputed matter); id. § 225 (authorizing
an Oklahoma taxpayer to file an appeal directly with the Supreme Court of Oklahoma of an adverse
decision by the OTC); id. § 226 (creating a private right of action in state court for an Oklahoma
taxpayer aggrieved by any state tax law).  An Oklahoma taxpayer may also seek review of the
Oklahoma Supreme Court's determinations via a writ of certiorari in the Supreme Court of the
United States.  28 U.S.C. § 1257.

## CONCLUSION

For the Court to declare Oklahoma's royalty withholding statutes unconstitutional and enjoin their enforcement would be an impermissible federal interference with Oklahoma's tax collection efforts. Therefore, Defendants' Motion to Dismiss (Dkt. No. 20) is **GRANTED** as the Court lacks subject matter jurisdiction.

IT IS SO ORDERED this 29th day of April, 2005.

ROBIN J. CAUTHRON
United States District Judge